UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------ x
TYRELL BROWN,                                    :
                                                 :       **INITIAL REVIEW**
                    Plaintiff,                   :       **ORDER AND DENIAL**
                                                 :       **OF MOTION FOR**
      -against-                                  :       **PRELIMINARY**
                                                 :       **INJUNCTION AND**
UCONN HEALTH DEPT. OF                            :       **TEMPORARY**
OTOLARYNGOLOGY, et al.,                          :       **RESTRAINING ORDER**
                                                 :
                    Defendants.    x             3:23-cv-1439 (VDO)
------------------------------------------------------------------

**VERNON D. OLIVER**, United States District Judge:

Plaintiff Tyrell Brown is an inmate in the custody of the Connecticut Department of Correction ("DOC") and incarcerated at the Cheshire Correctional Institution ("Cheshire").[1] He brings this action *pro se* and *in forma pauperis* under 42 U.S.C. § 1983 against UConn Health Department of Otolaryngology, CEO Jane/John Doe, Director Jane/John Doe, Management Jane/John Doe, Human Resource Director Jane/John Doe, Human Resource Jane/John Doe, and Encounter/Care Provider Jane/John Doe, Medical Provider Erin Perez, and Dr. Karoush Parham in their individual and official capacities for violation of his constitutional rights.[2] (Am. Compl., ECF No. 17-1.)

---

[1] The Court may "take judicial notice of relevant matters of public record." *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012). The Connecticut DOC website reflects that Plaintiff was admitted to DOC on September 2, 2022 and sentenced on November 2, 2023. *See* http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id inmt num=253736.

[2] Rule 10 of the Federal Rules of Civil Procedure states that "[t]he title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). Plaintiff has only named UConn Health Department of Otolaryngology in the case caption of his Amended Complaint, but a court may find a *pro se* complaint to sufficiently plead claims against a defendant not named in the caption where there are adequate factual allegations to establish that the plaintiff intended that individual to be a defendant. *See Imperato v. Otsego Cnty. Sheriff's Dep't*, 2016 WL 1466545, at *26 (N.D.N.Y. April 14, 2016) (citation omitted). Here, Plaintiff's Amended Complaint indicates that he is attempting to assert claims against the additional defendants named in his list of parties.

The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Upon review, the Court must dismiss the complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). The Court has thoroughly reviewed all factual allegations in the Amended Complaint and conducted an initial review of the allegations therein pursuant to 28 U.S.C. § 1915A.

I.  **FACTUAL BACKGROUND**

While the Court does not set forth all of the facts alleged in Plaintiff's Amended Complaint, it summarizes his basic factual allegations here to give context to its rulings below.

While in DOC custody, Plaintiff has received care from medical providers at UConn Health Department of Otolaryngology for hearing loss.

In 2019, he was diagnosed with dysfunction of the eustachian tubes, otitis media with effusion[3] in both ears (bilateral), and bilateral unspecified hearing loss. Despite a plan to discuss a surgical intervention, Plaintiff received only follow-up appointments and tubes in both ears for his lack of hearing and pain.

In February 2019, Plaintiff was noted as having ear discharge and respiratory snoring; at that time, the medical providers understood a surgical process should have been started but also agreed to delay Plaintiff's treatment by continuing to provide him with follow-up appointments.

---

[3] "Otitis media with effusion (OME) is thick or sticky fluid behind the eardrum in the middle ear." https://medlineplus.gov/ency/article/007010.htm.

In January 2020, Plaintiff was diagnosed with a sleep disorder but he did not receive an adenoidectomy[4] to improve his nasal breathing. He was recommended for an endoscopic biopsy.

A medical note dated May 5, 2022 indicated that Plaintiff could consider hearing aids if his hearing loss could not be medically treated. However, Plaintiff would have to obtain medical clearance to receive the hearing aids.

Plaintiff's sleep disorder has caused him to switch cellmates several times to avoid conflicts arising from his cellmates' inability to sleep. Although his snoring puts his life in danger due to potential conflicts with his cellmates, Plaintiff has not been permitted to have a single cell. Plaintiff brought the issue about his sleep disorder and need for surgery to improve his nasal breathing to the attention of staff members at Cheshire. A Cheshire doctor filed a referral to obtain help for Plaintiff through UConn Hospital.

As of September 18, 2023, Plaintiff was still under consideration for surgical intervention. Nevertheless, Plaintiff's diagnoses have not been addressed since 2018.

Plaintiff claims that his hearing loss and bilateral otitis media with effusion is preventing him from practicing his religion as a Muslim.

## II.    LEGAL STANDARD

Under 28 U.S.C. § 1915A, courts must review prisoner civil complaints seeking redress from a governmental entity and dismiss any portion that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

---

[4] An adenoidectomy is an adenoid removal. https://medlineplus.gov/ency/article/003011.htm.

Although highly detailed allegations are not required, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This plausibility standard is not a "probability requirement" but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Id.*

In undertaking this analysis, the court must "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). However, the court is "not bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions," *id.*, and "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678.

With respect to *pro se* litigants, it is well-established that "[p]ro se submissions are reviewed with special solicitude, and 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Matheson v. Deutsche Bank Nat'l Tr. Co.*, 706 F. App'x 24, 26 (2d Cir. 2017) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (per curiam)). However, *pro se* litigants are still required to comply with Rule 8 of the Federal Rules of Civil Procedure. *See, e.g.*, *Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004) ("[T]he basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike."). Rule 8 requires that a complaint contain "a short and plain

4

statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and provide "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (alteration in original). A statement of claim that is not short and direct places "an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.'" *Harden v. Doe*, No. 19-CV-3839(CM), 2019 WL 2578157, at *2 (S.D.N.Y. June 24, 2019) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)) (internal quotation marks and citation omitted).

## III.  DISCUSSION

Plaintiff's Amended Complaint lists ten legal claims as follows: (1) direct disregard of treatment; (2) malice care; (3) violation of Eighth Amendment; (4) discrimination; (5) deliberate indifference; (6) violation Fourteenth Amendment; (7) violation of First Amendment; (8) depression; (9) anxiety; and (10) "failure to correct the issues and cause further damage constitutes deliberate indifference and violation of Plaintiff's 4th and 14th constitutional right." (Am. Compl. at 11.)

Section 1983 of Title 42 provides that "[e]very person who, under color of any statute . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." "The common elements to all § 1983 claims are: '(1) the conduct complained of must have been committed by a person acting under color of state law; and (2) the conduct complained of must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.'" *Lee v. City of Troy*, 520 F. Supp. 3d 191, 205 (N.D.N.Y. 2021) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)).

### A.  Individual Capacity Claims

A plaintiff seeking monetary damages from a defendant must allege facts that establish the personal involvement of that defendant in the alleged constitutional violation. *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) ("It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'") (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 886 (2d Cir. 1991)). This is true with respect to supervisory officials as well. *See Tangreti v. Bachman*, 983 F.3d 609, 620 (2d Cir. 2020) ("[A] plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official without relying on a special test for supervisory liability" in order to hold a state official liable for damages under § 1983.). "[I]t is not enough for [a plaintiff] to show that [a defendant] was negligent, or even grossly negligent, in her supervision of the correctional officers or in failing to act on the information she had." *Id.*

Plaintiff cannot assert any plausible claim under 42 U.S.C. § 1983 against UConn Health Department of Otolaryngology because the state, a state agency, or a division of a state agency is not a "person" subject to suit under 42 U.S.C. § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (state and state agencies not persons within meaning of 42 U.S.C. § 1983); *Blaine v. UConn Health Care*, No. 3:18-CV-359 (MPS), 2018 WL 1368909, at *2 (D. Conn. Mar. 16, 2018) (dismissing clam against the University of Connecticut Correctional Managed Health Care Center because it is a division of a state agency and not "person" subject to suit.)

Moreover, Plaintiff has not alleged any facts about how any individual defendant violated his constitutional or federal rights. Although Plaintiff has submitted numerous pages

6

of exhibits consisting primarily of medical records, a plaintiff may not rely on exhibits in lieu of alleging facts in a complaint to state a claim against a defendant. *See Rahim v. Barsto*, No. 3:22-CV-619 (MPS), 2022 WL 2704102, at *5 (D. Conn. July 12, 2022) (citing Fed. R. Civ. P. 8 and noting that plaintiff could not rely on exhibits to state deliberate indifference claim); *see also Walker v. Pastoressa*, No. 22CV00997HGLGD, 2022 WL 3716742, at *5 (E.D.N.Y. Aug. 29, 2022) (noting plaintiff may not rely on exhibits to satisfy Rule 8's requirement to provide a short and plain statement.).

Absent any specific facts describing how an individual defendant against whom he seeks damages violated his constitutional or federal rights, Plaintiff has not alleged any plausible claims under section 1983 against any defendant in their individual capacities.

### B. Official Capacity Claims

Plaintiff sues defendants in their official capacities and has filed a motion for preliminary injunction and temporary restraining order for medical treatment, including a pathological diagnosis performed endoscopically through the nose and an adenoidectomy to improve his nasal breathing. (ECF No. 7.)

A plaintiff may seek official capacity relief against a state official only to the extent that he alleges an ongoing violation of his constitutional rights for which a federal court may enter an order of prospective relief against that official in his official capacity. *See, e.g.*, *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 254 (2011) (citing *Ex parte Young*, 209 U.S. 123 (1908)); *Silva v. Farrish*, 47 F.4th 78, 84 (2d Cir. 2022). Interim injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Grand River Enter. Six Nations Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007) (internal citation omitted). To prevail on a claim for mandatory

relief, a plaintiff must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, 576 U.S. 863, 876 (2015) (internal quotation marks and citation omitted); *see also Hester ex rel. A.H. v. French*, 985 F.3d 165, 176 (2d Cir. 2021) (to obtain mandatory preliminary injunctive relief against a government actor, plaintiff must, *inter alia*, "make a strong showing of irreparable harm" absent injunctive relief and "demonstrate a clear or substantial likelihood of success on the merits). A plaintiff cannot obtain preliminary injunctive relief from persons who are not named as defendants. *See* Fed. R. Civ. P. 65(d)(2) (injunction binding only on parties); *Oliphant v. Villano*, No. 3:09-CV-862(JBA), 2010 WL 5069879, at *2 (D. Conn. Dec. 3, 2010) (holding that the court lacks jurisdiction to enjoin conduct of prison mental health, medical, and correctional staff who are not named defendants). In addition, a claim for injunctive relief against a defendant in his or her official capacity may proceed only to the extent that the defendant has the authority to remedy the alleged ongoing constitutional violation. *See Scozzari v. Santiago*, No. 3:19-CV-00229 (JAM), 2019 WL 1921858, at *6 (D. Conn. Apr. 29, 2019).

As one of the requirements for an award of preliminary injunctive relief is demonstration of a likelihood of success on the merits of a plaintiff's claims, Plaintiff's requests for preliminary injunctive relief must relate to the claims in his Amended Complaint, which is now the operative complaint. *See, e.g.*, *DeBeers Consol. Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945) (preliminary injunction inappropriate where the injunction "deals with a matter lying wholly outside of the issues in the suit"); *McMillian v. Konecny*, No. 9:15-CV-0241 (GTS/DJS), 2018 WL 813515, at *2 (N.D.N.Y. Feb. 9, 2018) (relief sought in motion

8

for temporary restraining order or preliminary injunction must relate to claims in complaint); *Torres v. UConn Health*, No. 3:17-CV-325 (SRU), 2017 WL 3713521, at *2 (D. Conn. Aug. 29, 2017) (preliminary injunctive relief not warranted because claim in motion was unrelated to underlying claims in complaint). Here, as Plaintiff has not alleged any plausible claims for relief under 42 U.S.C. § 1983 in the Amended Complaint, he cannot demonstrate a substantial likelihood of success on the merits. *See Pagan v. Gagne*, No. 3:21-CV-01490 (KAD), 2023 WL 3791804, at *8 (D. Conn. June 2, 2023) (noting "Plaintiff could not sustain any official capacity claims against Defendants because the record does not establish an Eighth Amendment violation"); *Chiste v. Hotels.com L.P.*, 756 F. Supp. 2d 382, 406–07 (S.D.N.Y. 2010) (requests for injunctive relief are remedies and are dismissed with the underlying claim). Accordingly, the Court must dismiss as not plausible Plaintiff's requests for official capacity relief and deny his motion for preliminary injunction and temporary restraining order.

    **C.**    **State Law Claims**

To the extent Plaintiff alleges any claims under state law, the Court declines to exercise supplemental jurisdiction over any such claims as all federal claims in this action are dismissed as not plausible. *See* 28 U.S.C. § 1367(c)(3) (providing that the court may decline to exercise supplemental jurisdiction over a state law claim if the court has dismissed all claims over which it has original jurisdiction). Any state law claims are dismissed without prejudice.

    **D.**    **Leave to Amend**

As Plaintiff may be able to allege plausible claims for damages or official capacity relief, the Court affords him one opportunity to file a second amended complaint to correct the deficiency of his claims as identified in this Initial Review Order. Plaintiff is advised that any second amended complaint will completely replace the prior complaints filed in this action,

and that no portion of any prior complaint shall be incorporated into his second amended complaint by reference.

If the Court determines—after an initial review under section 1915A— that Plaintiff's second amended complaint states a plausible claim of an ongoing violation of his constitutional or federal rights, the Court will afford him leave to file a new motion for preliminary injunction and temporary restraining order.

Plaintiff is advised that if he fails to submit a second amended complaint on or before **February 19, 2024**, the Court will dismiss this action without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### IV.   CONCLUSION

Plaintiff's Amended Complaint (ECF No. 17-1) is **DISMISSED without prejudice** for failure to state any plausible claims under 42 U.S.C. § 1983. *See* 28 U.S.C. § 1915A(b). The court declines supplemental jurisdiction over any state law claims, which are **also DISMISSED without prejudice**. *See* 28 U.S. C. § 1367(c)(3).

Plaintiff's motion for preliminary injunction and temporary restraining order (ECF No. 7) is **DENIED without prejudice**.

On or before February 19, 2024, Plaintiff may file a second amended complaint to correct the deficiencies identified in this Initial Review Order.

**SO ORDERED.**

Hartford, Connecticut
January 18, 2024

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge