UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------------------------------------ x
TYRRELL BROWN,                                               :
                                                             :
                        Plaintiff,                           :
                                                             :    MEMORANDUM &
            v.                                               :    ORDER DENYING
                                                             :    DEFENDANTS' MOTION
UCONN HEALTH DEPARTMENT OF                                   :    TO DISMISS
OTOLARYNGOLOGY, ET AL,                                       :
                                                             :    23-CV-1439 (SFR)
                        Defendants.                          :
                                                             x
------------------------------------------------------------
```

**Sarah F. Russell**, United States District Judge:

Plaintiff Tyrrell Brown is currently serving a sentence of imprisonment in the custody of the Connecticut Department of Correction ("DOC") at Cheshire Correctional Institution.[1] Proceeding *pro se*, Mr. Brown asserts that five employees of the University of Connecticut Health Center ("UCHC," or "Defendants") violated his Fourteenth and Eighth Amendment rights through their deliberate indifference to his medical needs. Defendants move to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6). For the reasons that follow, I deny Defendants' motion to dismiss.

**I.    BACKGROUND**

    **A.    Factual Background**

I presume familiarity with the factual record and procedural history detailed comprehensively by the Court in reviewing a prior motion to dismiss. ECF No. 202, Opinion at 2-5. I recite only those details necessary to address Defendants' present motion.

---

[1] *See* ECF No. 217, Third Amended Complaint at 2. I take judicial notice of the details of Mr. Brown's sentence on the Department of Correction website.

1

Mr. Brown was treated at UCHC for hearing loss beginning in 2018. ECF No. 217, Third Amended Complaint ("Compl. 3d") at 2.[2] Mr. Brown experienced effusions from both ears, pain in his face, and disordered sleeping, among other painful symptoms. *Id.* at 2-3. Mr. Brown asserts that these symptoms were caused by infected adenoids, that Defendants knew surgery—an adenoidectomy—was necessary to resolve his serious pain, and that Defendants delayed surgery until May 2024 in deliberate indifference to his suffering. *Id.* at 2-4.

Mr. Brown sues five former and current UCHC employees: Dr. Daniel Roberts, Dr. Kourosh Parham, Dr. Marissa Schwartz, Erin Perez, and Hillary Siddons. *Id.* at 1. Mr. Brown sues all defendants in their individual capacities for damages pursuant to 42 U.S.C. § 1983.

### B. Procedural History

Mr. Brown commenced this action on November 11, 2023. ECF No. 1. After initial review under 28 U.S.C. § 1915A, the Court[3] dismissed Mr. Brown's amended complaint but invited him to replead his allegations with more particularity. ECF No. 23. Mr. Brown filed an amended complaint on February 9, 2024. ECF No. 41, Second Amended Complaint ("Compl. 2d"). The Court permitted Mr. Brown to proceed on claims of deliberate indifference to medical needs against three DOC employees and five UCHC employees. ECF No. 55, Initial Review Order. The Court ordered service of all defendants. *Id.*

The DOC defendants filed a motion to dismiss on June 3, 2024. ECF No. 118, DOC Defs' Mem. The UCHC defendants filed a motion to dismiss on September 10, 2024. ECF No.

---

[2] All page numbers refer to the pagination set by ECF, rather than any internal numbering system used in some of the briefs.

[3] The Honorable Vernon D. Oliver, United States District Judge, presided over this action until January 6, 2025. *See* ECF No. 244, Order of Transfer.

178, UCHC Defs' Mem. Taken together, these motions asserted that Mr. Brown failed to state a claim of medical indifference against all defendants; Defendants also asserted that Mr. Brown's claims were untimely and that Defendants were shielded from liability by qualified immunity. *See* ECF No. 118, DOC Defs' Mem; ECF No. 178, UCHC Defs' Mem. Finally, the UCHC defendants submitted that claims against Dr. Schwartz should be dismissed for lack of personal jurisdiction because Dr. Schwartz had not been served. ECF No. 178, UCHC Defs' Mem at 5-6.

The Court agreed that Mr. Brown had failed to make out a plausible claim for relief against one of the DOC defendants, Ms. Cruz. ECF No. 202, Opinion at 13-14. With respect to the remaining defendants, the Court found that while Mr. Brown's allegations were "not detailed and border on conclusory," Mr. Brown had plausibly alleged that each remaining defendant was personally involved in depriving him of medical care to treat a serious condition. *Id.* at 16. The Court similarly found that Mr. Brown had pleaded sufficient facts to withstand a motion to dismiss on qualified immunity grounds, *id.* at 21, and that Defendants' statute of limitations defense could be resolved only after discovery related to the date when Mr. Brown's claims accrued, *id.* at 17. Finally, the Court denied without prejudice the UCHC defendants' claims regarding personal jurisdiction over Dr. Schwartz, instructing that this claim could be renewed if Dr. Schwartz were not properly served by November 29, 2024. *Id.* at 18.

After prevailing in large part on the motion to dismiss, Mr. Brown moved to amend the complaint. ECF No. 204, Pl. Motion. The Court denied this motion without prejudice, noting that the proposed amended complaint failed to state a plausible claim against Dr. Williams and that Mr. Brown may not have included all of his intended claims within the proposed amended

complaint. ECF 209. Mr. Brown promptly filed another motion to amend the complaint, which the Court granted on November 26, 2024. ECF No. 212, Pl Motion; ECF No. 216, Order. Upon initial review of the Third Amended Complaint, the court permitted Mr. Brown to bring claims against the same five UCHC defendants named in the Second Amended Complaint. *Id.*; *see also* ECF No. 217, Compl. 3d. The Court dismissed the claims against the DOC defendants (Dr. Williams and Nurse Jake) without prejudice at Mr. Brown's request because Mr. Brown said he doubted he could make out a plausible claim against the DOC defendants. ECF No. 217, Order (citing ECF No. 212-2, Notice to the Court).

Defendants filed the present motion to dismiss on January 27, 2025. ECF No. 253, Defs' Mem. Mr. Brown responded on February 7, 2025 and February 11, 2025. ECF Nos. 259, 260, Pl's Objections. Defendants replied on February 19, 2025. ECF No. 263, Defs' Reply. The court heard oral argument via Zoom on March 11, 2025.

## II.     LEGAL STANDARD

### A.     Motion to Dismiss for Lack of Personal Jurisdiction

Defendants move to dismiss Mr. Brown's claims against Dr. Schwartz pursuant to Fed. R. Civ. P. 12(b)(2) on the grounds that Dr. Schwartz was improperly served and lacks sufficient contacts with this forum for the court to exercise personal jurisdiction over her. As the court stated in reviewing the prior motion to dismiss, a plaintiff satisfies their burden of establishing personal jurisdiction by alleging—either by affidavit or otherwise—that a defendant has been properly served. *BWP Media USA Inc. v. Hollywood Fan Sites, LLC*, 69 F. Supp. 3d 342, 349 (S.D.N.Y. 2014) (citing *MacDermid, Inc. v. Deiter*, 702 F.3d 725, 727 (2d Cir. 2012)).

4

### B. Motion to Dismiss for Failure to State a Claim

Defendants move to dismiss all of Mr. Brown's claims pursuant to Fed. R. Civ. P. 12(b)(6), asserting that Mr. Brown failed to state a claim for relief. "On a motion to dismiss, all factual allegations in the complaint are accepted as true and all inferences are drawn in the plaintiff's favor." *Littlejohn v. City of New York*, 795 F.3d 297, 306 (2d Cir. 2015). "To survive dismissal, the pleadings must contain 'enough facts to state a claim to relief that is plausible on its face[.]'" *Buon v. Spindler*, 65 F.4th 64, 76 (2d Cir. 2023) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III. DISCUSSION

#### A. Personal Jurisdiction Over Dr. Schwartz

Defendants assert that Dr. Schwartz was improperly served because the process server hired by Mr. Brown's former appointed counsel delivered the wrong version of the Complaint to Dr. Schwartz. ECF No. 253-1, Defs' Mem at 6. And even if Dr. Schwartz were properly served, Defendants maintain that Dr. Schwartz does not have sufficient minimum contacts with Connecticut such that the court can exercise personal jurisdiction over her, noting Dr. Schwartz has not practiced medicine in Connecticut since she completed her residency here in 2019. *Id.* at 6-7; *see also* ECF No. 253-2, Schwartz Affid. ¶¶ 4-9.

As I explained in a previous order, however, Defendants have not submitted evidence to rebut the presumption of valid service. *See* ECF No. 267, Order Directing Service (noting that Dr. Schwartz's affidavit cannot undermine the presumption of service because it does not address service and was signed well before the date she was served). Even assuming for the

sake of argument that Dr. Schwartz had been improperly served, I found good cause to extend the service deadline because I concluded it would be unfair to penalize Mr. Brown for any failure by his court-appointed attorney to serve Dr. Schwartz.

Nor am I convinced by the argument that this court cannot exercise personal jurisdiction over Dr. Schwartz because she left Connecticut some years ago. Consistent with due process, a court may exercise specific jurisdiction over a defendant when "the defendant has purposefully directed his activities at residents of the forum . . . and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (cleaned up). That is exactly what occurred here. Mr. Brown's claims arise directly from the time he was treated by Dr. Schwartz in Connecticut. I therefore conclude that the Court can exercise specific personal jurisdiction over Dr. Schwartz consistent with due process.

As Dr. Schwartz has not yet returned a waiver of service, I deny Defendants' motion to dismiss for lack of personal jurisdiction without prejudice. If Dr. Schwartz has not been served by May 15, 2025, Defendants may renew their motion to dismiss for lack of personal jurisdiction.

### B.    Failure to State a Claim Against Perez and Hiddons

Defendants argue that Mr. Brown fails to state a claim against Defendants Perez and Hiddons because he was not imprisoned at the time they treated him on February 13, 2019, and May 4, 2022. ECF No. 253-1, Defs' Mem at 8. In support, they include an affidavit from a DOC records custodian certifying that Mr. Brown was not incarcerated in a DOC facility on either of those dates. ECF No. 253-3, DeVeau Affid. ¶¶ 8-10.

This argument fails because courts are barred from considering anything other than the pleadings in deciding whether to grant a motion to dismiss under Rule 12(b)(6). *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007). In limited circumstances, courts may look beyond the pleadings to consider a fact that is subject to judicial notice or is contained within a document that is integral to the complaint. *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 71 (2d Cir. 1998); *Cortec Industries, Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991). But that is not the case here. Mr. Brown's complaint alleges that he was "at all times mentioned herein a prisoner of the state of Connecticut." ECF No. 217, Compl. 3d at 1. At this stage, I must accept such a well-plead fact as true and am prohibited from considering Defendants' affidavits concerning the dates Mr. Brown has been incarcerated. I therefore deny Defendants' motion to dismiss Perez and Hiddons. If they wish, Defendants may renew this argument by filing an early motion for summary judgment. *See* ECF No. 273, Order (setting dates for early summary judgment motions).

### C. Failure to State a Claim Against All UCHC Defendants

Defendants assert that Mr. Brown's claim must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because Mr. Brown's non-conclusory allegations fail to state a claim of deliberate medical indifference. ECF No. 253-1, Defs' Mem at 9-16. But the Court has already considered—and rejected—this same argument. *See* ECF No. 202, Opinion at 16. At oral argument, Defendants submitted two reasons I should depart from the Court's earlier order. First, Defendants assert the Third Amended Complaint includes additional UCHC medical records not appended to the Second Amended Complaint; they say these additional records undermine Mr. Brown's claim of deliberate indifference. Defendants attach particular importance to the record labeled "Consultation Form" and dated January 4, 2019, which was

attached to the Third Amended Complaint but not the Second Amended Complaint. ECF No. 217, Compl. 3d at 71-72. And second, Mr. Brown voluntarily dismissed his claim against the two DOC defendants (Dr. Williams and Nurse Jake); Defendants reason that since Mr. Brown conceded his claims against the DOC Defendants may be insufficient, it follows that any claims against the UCHC Defendants should also be dismissed. ECF No. 253-1, Defs' Mem at 12.

 Neither argument persuades me to depart from the Court's prior reasoning. The Second Amended Complaint contained most of the same UCHC medical records as those presented here. *Compare* ECF No. 41, Compl. 2d at 29-57, *with* ECF No. 217, Compl. 3d at 56-95. The Consultation Form cited by Defendants at oral argument does not provide any reason to disturb the Court's holding that the Second Amended Complaint adequately pleaded facts supporting the inference that "Defendants were aware of [Mr. Brown's] condition but intentionally or recklessly failed to provide him necessary medical treatment." ECF No. 202, Opinion at 16. The form shows UCHC providers identifying a serious condition and declining to order the surgery Mr. Brown asserts was medically necessary. I cannot conclude that this record undermines Mr. Brown's claims. [4]

 Nor can I conclude anything from Mr. Brown's decision to dismiss his claims against DOC officials without prejudice. Mr. Brown does not assert that the DOC and UCHC

---

[4] At oral argument, Defendants asserted that the consultation form was signed by Dr. Williams and shows that Dr. Williams—not the UCHC Defendants—was responsible for scheduling Mr. Brown for appointments with specialists. *See also* ECF No. 253-1, Defs' Mem at 12. Defendants appear to urge an inference that any responsibility for the delay in Mr. Brown's case rested with Mr. Williams, not the UCHC Defendants. However, I cannot ascertain whether any of the signatures or other writing appearing on the form belongs to Dr. Williams. In any case, I cannot conclude from this form alone who was responsible for the delay in care alleged by Mr. Brown.

Defendants acted in concert to deprive him of medical care, so I must assess independently the liability of each Defendant. That means Mr. Brown's dismissal of claims against Dr. Williams and Nurse Jake is of no consequence to his claims against the remaining Defendants.[5]

After receiving extensive briefing, the Court previously denied Defendants' prior motion to dismiss through a lengthy, well-reasoned order. *See* ECF No. 202, Opinion. Defendants ask me to reverse course, relying in large part on the same set of records and arguments already reviewed and rejected by the Court. I decline their invitation to depart from the Court's reasoned judgment. As the Court noted previously, Mr. Brown's well-plead allegations give rise to an inference that Defendants knew he was suffering but deliberately or recklessly delayed treatment. *See* ECF No. 202, Opinion at 16. That is sufficient to entitle Mr. Brown to discovery on this claim.

## **CONCLUSION**

For the foregoing reasons, I deny Defendants' Motion to Dismiss.

**SO ORDERED.**

Bridgeport, Connecticut
March 18, 2025

/s/*Sarah F. Russell*
SARAH F. RUSSELL
United States District Judge

---

[5] Defendants' memorandum of law mentions the consultation form and Mr. Brown's dismissal of the DOC defendants, ECF 253-1, Defs' Mem at 12, but fails to explain how this information should inform my consideration of whether Mr. Brown has stated a claim under the Eighth Amendment and why the information justifies a departure from the Court's prior decision allowing the claim to proceed. Indeed, the legal analysis in Defendants' memorandum is nearly identical to the memorandum accompanying the prior motion to dismiss. *Compare* ECF 253-1, Defs' Mem at 13-17, *with* ECF No. 178-1, Defs' Mem at 9-13.